Taylor, Chief-Justice.
 

 — This is a bill filed by a married woman against her husband, and the administrator of her deceased brother and sister, seeking to enjoin the latter from paying over to her husband the Complainant’s right to distributive shares which have been received by the administrator; and praying, in consideration of her having brought a considerable fortune to her husband, who is now insolvent, that the said shares may be settled to the separate use of herself and children, and secured from the claims of her husband and his creditors.
 

 
 *52
 
 Part of the sum claimed by the Complainant, is derived from the sale of the real estate of her deceased brother and sister, who were minors at their respective deaths, which sale was made for the purpose of partition, but the Court of Equity directing the partition, omitted to settle the proceeds, so as to secure them to their real representatives. The residue of the sum claimed by the Complaimtrft, is the produce of the personal estate.
 

 As the sum raised by the sale of the real estate is considered as land, and is payable to those who would have been entitled to the inheritance, lam of opinion that the wife has an equity for a separate settlement of that sum upon her,’ and although the act makes it the duty of the Court ordering the partition to secure it to the real representatives, yet the right of the wife cannot be prcju-I-diced by the omission. If there was any doubt of the fact, the Court ought not to proceed without further en-quiry, but it is distinctly admitted by the answer. This bill therefere, as to this part of it, may be considered as a bill to carry the former decree into execution; in which case, the Court will vary the decree where the mistake is evident,
 
 (Mitford 75)
 
 and will also correct it on motion.
 
 Newhouse
 
 v.
 
 Mitford
 
 (12 Ves. 456).
 

 With respect to the claim of the administrator to retain the sum due him, out of the money thus accruing to the wife, I think it cannot be supported. The administrator is trustee for the next of kin, of whom the Complainant is one. As she has a clear equity against her husband, as to this money, that must operate to bar any right of retainer he can set up to the property of which lie became administrator ; and in
 
 Carr
 
 v.
 
 Taylor
 
 (10.
 
 Ves. 574)
 
 it was decided, that altough the husband was indebted to the estate of the person under whom the wife claimed the property, yet the administratrix of such person could not set. off the debt against the wife’s title by survivorship to the fund ; for the property being a share of a residue, the Court said it could not be sued
 
 *53
 
 for but in the joint names of husband and wife, and that if he had died without reducing it into possession, it . , , „ would have survived to her, and consequently free irom the husband’s debts.
 

 The Complainant’s claim to the produce of the personal estate, cannot I think be supported. When a settlement has been made on the marriage, but an inadequate one, and property accrues to the wife afterwards, in the nature of an equitable right, the Court will sustain a similar claim in behalf of the wife against the husband» and in many instances against creditors. The equitable right which a married woman has, in a Court of Equity» to a provision out of her own fortune, before the husband reduces it into possession, stands upon the peculiar doctrine of the British Courts of Equity, is almost always connected with the enquiry as to settlement, and is the result of a state of society highly artificial.
 

 But even there it is uniformly held, that where the husband can come at the estate of his wife without the aid of a Court of Equity, the Court cannot interfere. Our law has made an alteration in favor of the widow, with respect to personal property, so material as to render questionable that equity for a settlement as against her husband, which is so well settled in the British Courts-I will not deny, that there may be cases where an application of this kind may be proper here, as where the husband will not maintain his wife, and is likely to possess himself of a legacy or distributive share coming to her. But where they live together, and make a joint ef* fort for the maintenance of the children, I should doubt the propriety of extending further tiie notion of separate interest. It may be a hardship for a married woman who brings a fortune to her husband, to find herself and her children reduced to poverty; but she knew when sho married him, that the law gave him an absolute property in all her personal cstate-capable of immediate possession»
 
 *54
 
 and in all she should afterwards acquire, if reduced by him into possession during coverture. The hardship might have been guarded against by a settlement, and the not making one, is an evidence that she agreed to share his fortune, be it prosperous or adverse.
 

 The wives and children of his creditors may come to poverty by not receiving their debts, contracted upon the faith of property apparently belonging to him.
 

 I am unapprized of any decision in this State, extending the practice further than requiring the husband to make a reasonable provision for his wife, where the aid of this Court is necessary to enable him to take possession of her property ; and exacting the same provision from his legal representatives or assignees, where they are obliged to come here to establish a claim which accrued to the husband in right of his wife.'
 

 Per Curiam.
 

 Direct an account of the assets of
 
 Install
 
 and
 
 Easter
 
 Blackman,and directs the Clerk to distinguish the amount of real assets which have come to the hands of
 
 Sellers.
 
 Direct also an account of the proceeds of the real estate of the Plaintiff, which came to the hands of the Defendant
 
 Bryan,
 
 and retain the cause for further directions.